## D. AUGUSTUS VANDERVEER, RELATOR, v. ASHER T. APPLEGATE, COUNTY COLLECTOR, ET AL.

Argued June Term, 1906—Decided July 26, 1906.

*Pamph. L.* 1903, *p.* 628, § 31, in relation to primary elections for the selection of delegates to conventions of political parties, the same being a supplement to *Pamph. L.* 1898, *pp.* 237, 316, in relation to elections, provides that the compensation of each member of the boards of registry and election, for all services performed under the statute, shall be "for all services in connection with any local or primary election, for the primary election day, $5, and for each registry day $3," but provides that for all services in connection with the general election the compensation shall be a specified sum, depending upon the number of registered voters. *Held,* that an extra fee of $3 was not authorized by the words "for each registry day" merely because the boards were performing their duties in continuing the registry of voters, as required by the general act, during certain hours when they were holding the primary election.

On rule to show cause.

Before HENDRICKSON, one of the justices of the Supreme Court, by consent of counsel, pursuant to section 251 of the Practice act.

For the relator, *Ruliff V. Lawrence.*

For the defendants, *J. Clarence Conover.*

The opinion of the court was delivered by

HENDRICKSON, J.   This is an application upon a rule to show cause for a peremptory or alternative writ of *mandamus* commanding the defendants, the county collector, the county auditor and the board of chosen freeholders of Monmouth county, to audit, order paid and to pay two certain bills or vouchers of the relator, chairman of the board of election and registry of the third election district of the township of Freehold, for the election fees of himself and the other members of the board for the years 1903 and 1904, amounting to $32 for each year.

These bills as presented, contain charges for each of the four members of the board, as follows:   For services at primary election, $5; for services for registry on the same day, $3;   total, $8.

The case shows that the district in question contained more than three hundred voters, and that the members of said board of registry and election were paid the sum of $25 in each of said years for their services in connection with the general election held in those years.

The defendants contend, among other things, that the payment of the $25 to these members under and by virtue of section 178 of the law of 1898 (*Pamph. L., pp.* 237, 316), and the amendments thereto, was in full satisfaction for all services performed by them thereunder.

It is contended for the relator that the Primary Election law (*Pamph. L.* 1903, *p.* 603), though a supplement to the General Election law, provided for a distinct kind of election,

independent of the general election, and so amends certain sections of the General Election law as to make them applicable to the primary elections established thereby, and as a support to the items charged in the relator's bills cites section 178 of the general act, as amended by section 31 of the primary election supplement (*Pamph. L.* 1903, *p.* 628), quoting therefrom these words: "For all such services in connection with the local or primary or charter election shall be, for the primary election day, $5; for each registry day, $3."

This argument has considerable force, so far as the $5 item is concerned, but I do not think it sufficient to sustain the charges of the $3 item for registry day at the primary election.

I do not regard the words "for each registry day" as intended to authorize an extra fee of $3 because the boards were performing their duties in continuing the registry of voters, as required by the general act, during the hours from one to nine o'clock P. M., when they were holding the primary election.

My own view is that this service was one of the services performed in connection with the general election, and was paid for in the allowance of $25, as fixed in said section 178, as amended.

With regard to the $5 item for conducting the primary election, the defendants contend that it cannot be allowed for a further reason, because section 178 was further amended by an act approved only one day later than the primary election supplement (*Pamph. L.* 1903, *p.* 711), by leaving out the fee for conducting the primary election. The relator replies that the last amendment does not repeal the clause in question, on the ground that the later act is not inconsistent therewith.

But in the view I have taken as to the $3 item the relator must fail in this application, and therefore it is not necessary for me to determine the question of the relator's right to recover for the $5 item. What I might say in that regard would be *dictum* only. I shall therefore leave that question

open for consideration in any other action that may be hereafter brought to recover the same.

The result is that the application for a writ of *mandamus* must be denied, with costs.